UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

JOHNATHAN WAYNE MEADOWS                               PLAINTIFF

v.                                          CIVIL ACTION NO. 4:20-CV-P31-JHM

HENDERSON CTY. DET. CTR. *et al.*                               DEFENDANTS

### MEMORANDUM OPINION AND ORDER

This is a *pro se* civil rights-action brought by a prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff Johnathan Wayne Meadows leave to proceed *in forma pauperis*. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss Plaintiff's claims but allow him the opportunity to amend his complaint.

### I. SUMMARY OF COMPLAINT

Plaintiff is incarcerated at the Henderson County Detention Center (HCDC). He brings this suit against the Kentucky Department of Corrections (KDOC); HCDC; and HCDC Captain Rice. He sues Captain Rice in both his official and individual capacities.

Plaintiff first claims that Defendant Rice "violated my rights by make a sexual remark to me about another officer." He continues:

> I filled out a requisition to the jailor to address my situation. . . . After this incident, [Defendant] Rice proceed to call me to a designated area where ther was two more officers present, then told me to tell them exactly what I put in my complaint to the administrators about him. This was clearly harassment and attempt to get other fellow officers not to like me. . . . I received confirmation from Colonel Hendricks that [Defendant] Rice had been spoken to concerning the adequate and proper way to speak with inmates.

Plaintiff also claims that, due to his "complaints on staff members," he is not being allowed to work or participate in programs which would allow him to shorten his sentence, even though he has the classification required to do so.

As relief, Plaintiff seeks damages as well as transfer to another facility.

## II. LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia*

*Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### A. Defendant KDOC

The KDOC is an agency of the Commonwealth of Kentucky. *See* Ky. Rev. Stat. § 15A.020. A state and its agencies are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Additionally, the Eleventh Amendment acts as a bar to all claims for relief against the KDOC. A state and its agencies, such as the KDOC, may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh

Amendment, or Congress has overridden it. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144-46 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 119-24 (1984); *Alabama v. Pugh*, 438 U.S. 78l, 781-82 (l978). In enacting § l983, Congress did not intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d 188, 193-94 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 341, 99 S. Ct. 1139, 59 L. Ed. 2d 358 (l979)). "[T]he Eleventh Amendment is a true jurisdictional bar" to such claims. *Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1046 (6th Cir. 2015). Thus, the Court will dismiss any claim against the KDOC for failure to state a claim upon which relief may be granted.

**B. Defendant HCDC and the Official-Capacity Claim against Defendant Rice**

Defendant HCDC is not an entity subject to suit under § 1983. *Matthews v. Jones*, 35 F.3d at 1049. Rather, the claims against it are actually against Henderson County as the real party in interest. *Id.* ("Since the Police Department is not an entity which may be sued, Jefferson County is the proper party to address the allegations of Matthews's complaint."). Similarly, "official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Thus, Plaintiff's official-capacity claim against Defendant Rice is actually against his employer, which is also Henderson County. *See, e.g.*, *Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was the equivalent of suing clerk's employer, the county).

When a § 1983 claim is made against a municipality, such as Henderson County, the Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a

4

constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). With regard to the second prong, a municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff has not alleged that any constitutional violation occurred as the result of a policy or custom implemented or endorsed by Henderson County. Accordingly, the Court will dismiss Plaintiff's claim against HCDC and his official-capacity claim against Defendant Rice for failure to state a claim upon which relief may be granted.

### C. Individual-Capacity Claim against Defendant Rice

Plaintiff claims that Defendant Rice violated his rights by making a sexual remark to him about another officer and by forcing him to recount this incident to other officers.

Offensive verbal comments and jaunts qualify as verbal abuse, but in the context of prison and jail life, verbal abuse and harassment do not support an Eighth Amendment claim. *Wingo v. Tenn. Dep't of Corr.*, 499 F. App'x 453, 455 (6th. Cir. 2012) ("Verbal harassment or

idle threats by a state actor do not create a constitutional violation and are insufficient to support a section 1983 claim for relief."); *see also Johnson v. Ward*, No. 99-1596, 2000 U.S. App. LEXIS 11463, at *1 (6th. Cir. May 11, 2000) ("Johnson's allegation that Ward made an offensive sexual remark to him does not rise to the level of a constitutional violation [as such is merely verbal abuse.]"); *Jones v. Fayette Cty. Det. Ctr.*, No. 5:15-312-JMH, 2015 U.S. Dist. LEXIS 152233, at *5 (E.D. Ky. Nov. 10, 2015) (holding that because the inmate plaintiff's claim amounted "to no more than a single incident of verbal harassment," he had failed to state a claim for a violation of his constitutional rights).

In light of this jurisprudence, the Court will dismiss Plaintiff's individual-capacity claim against Defendant Rice for failure to state a claim upon which relief may be granted.

### D. Retaliation Claim

The Court next turns to Plaintiff's allegation that, due to his "complaints on staff members," he is not being allowed to work or participate in programs which would allow him to shorten his sentence. The Court construes this an attempt to state a First Amendment retaliation claim. Plaintiff, however, has failed to identify the individuals who were personally involved in retaliating against him by prohibiting him from working or participating in certain programs at HCDC. Thus, the Court will allow Plaintiff the opportunity to amend his complaint. *See, e.g.*, *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) of the Federal Rules of Civil Procedure, a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act].").

### E. Injunctive Relief

Finally, to the extent that Plaintiff seeks injunctive relief in the form of transfer to another facility, it must be denied. Convicted prisoners have no reasonable expectation that they will

remain in any particular facility, and prison officials have broad authority to transfer prisoners from one facility to another. *See Meachum v. Fano*, 427 U.S. 215 (1976); *Olim v. Wakinekona*, 461 U.S. 238 (1983).

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's claims against Defendants KDOC, HCDC, and HCDC Captain Rice are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The **Clerk of Court** is **DIRECTED to terminate these Defendants as parties to this action.**

**IT IS FURTHER ORDERED that within 30 days from the entry date of this Memorandum Opinion and Order, Plaintiff may file an amended complaint in which he identifies the individuals at HCDC who have allegedly violated his rights by retaliating against him for complaining to HCDC staff. In the amended complaint, Plaintiff should name these individuals as Defendants and specify that he is suing these Defendants in their individual capacities. Plaintiff should also provide details about the complaints he allegedly made, including when and to whom he made them, and include details regarding what each Defendant purportedly did to retaliate against him for making these complaints and how their actions harmed Plaintiff.** Plaintiff should submit a completed summons form for each newly named Defendant within the same 30-day period.[1]

The Court will conduct an initial review of Plaintiff's amended complaint pursuant to § 1915A. **Should Plaintiff fail to file an amended complaint with the above information**

---

[1] Regarding the completion of the summons forms, Plaintiff must: (1) prepare a summons for each Defendant sued; (2) write or type Defendant's name and address on the summons in the space provided; (3) write or type Plaintiff's name in the space provided; (4) **do not** fill in any other part of the summons form and **do not** mail the summons to any of the defendants.

**within the allotted amount of time, Plaintiff's complaint will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.**

The **Clerk of Court** is **DIRECTED** to send Plaintiff a § 1983 complaint form with this case number and the word "Amended" written in the caption along with four blank summons forms.

Date: March 19, 2020

*Joseph H. McKinley*
Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
      Defendants
      Henderson County Attorney
4414.011